UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x

ANTONIETTA ZAPPIER,                                       Case No.: 18-cv-1879 (CS)

                        Plaintiff,                          **ANSWER TO PLAINTIFF'S**
                                                          **FIRST AMENDED COMPLAINT**
                        - against -

ST. JOSEPH'S MEDICAL CENTER, DEAN CIVITELLO
and KIM PAGAN,

                        Defendants.

--------------------------------------------------------------------x

     Defendant St. Joseph's Medical Center ("SJMC"),[1] by and through its attorneys, Kaufman Borgeest & Ryan LLP, respond to Plaintiff Antonietta Zappier's ("Plaintiff") First Amended Complaint as follows:

## NATURE OF THE CASE

     1.    The allegations in Paragraph 1 of Plaintiff's First Amended Complaint are a characterization of Plaintiff's purported basis for this lawsuit and the relief Plaintiff seeks to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 1 of Plaintiff's First Amended Complaint, and further denies that Plaintiff is entitled to the relief that she seeks.

## JURISDICTION AND VENUE

     2.    Defendant denies each and every allegation contained in Paragraph 2 of Plaintiff's First Amended Complaint.

     3.    Defendant admits to the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.

---

[1] Upon information and belief, to date, service of process has not been effectuated on Defendant Dean Civitello or Defendant Kim Pagan. As such, the within Answer is only on behalf of Defendant St. Joseph's Medical Center.

## PROCEDURAL REQUIREMENTS

4.      Defendant admits that a charge was filed by Plaintiff with the EEOC, dated October 5, 2017.  Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

5.      Defendant admits that Plaintiff's counsel is Jon A. Stockman and that a charge was filed with the EEOC by Plaintiff against Defendant.  Defendant denies each and every remaining allegation contained in Paragraph 5 of Plaintiff's First Amended Complaint.

6.      Defendant admits that the EEOC Right to Sue letter for charge no. 520-2017-06661 is dated December 4, 2017.  Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7.      Defendant denies each and every allegation contained in Paragraph 7 of Plaintiff's First Amended Complaint.

8.      Defendant admits that a complaint was filed on March 1, 2018.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

9.      Defendant denies each and every allegation contained in Paragraph 9 of Plaintiff's First Amended Complaint.

## PARTIES

10.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11.      Paragraph 11 of Plaintiff's First Amended Complaint contains a legal conclusion to which no response is required.  Defendant respectfully refers all questions of law to the Court.

12.      Paragraph 12 of Plaintiff's First Amended Complaint contains a legal conclusion to which no response is required.  To the extent that a response is deemed necessary,

4972147

Defendant admits that it employed Plaintiff in May 2017.   Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

13.    Paragraph 13 of Plaintiff's First Amended Complaint contains a legal conclusion to which no response is required.   To the extent that a response is deemed necessary, Defendant admits that it employed Plaintiff in May 2017.   Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

14.    Paragraph 14 of Plaintiff's First Amended Complaint contains a legal conclusion to which no response is required.   To the extent that a response is deemed necessary, Defendant admits that it employed Plaintiff in May 2017.   Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

15.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint.

16.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint.

17.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint.

18.    Defendant denies knowledge or information sufficient to form a belief as to truth of the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint.

19.    Paragraph 19 of Plaintiff's First Amended Complaint contains a legal conclusion to which no response is required.   To the extent that a response is deemed necessary, Defendant denies the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.

20.    Defendant admits to the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

4972147

22.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

23.     Paragraph 23 of Plaintiff's First Amended Complaint contains a legal conclusion to which no response is required.   To the extent that a response is deemed necessary, Defendant denies the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.

24.     Defendant admits to the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

26.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint.

27.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.

28.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.

31.     Defendant admits to the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint.

4972147

34.     Defendant denies the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint.

35.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint.

36.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint.

## FACTUAL ALLEGATIONS

39.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint.

40.     Defendant admits that it employed Plaintiff for a period of time.   Defendant denies each and every remaining allegation contained in Paragraph 40 of Plaintiff's First Amended Complaint.

### *Plaintiff's Respiratory Illnesses*

41.     Defendant denies the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint.

42.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint.

44.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint.

### *2016 Work Accident*

5

45.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint.

46.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint.

47.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint.

48.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint.

49.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint.

50.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint.

51.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint.

52.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint.

53.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint.

54.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint.

55.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint.

**St. Joseph's and Kim Pagan's Disturbing Treatment of Plaintiff After The December 9, 2016 Work Accident**

56.     Defendant denies each and every allegation contained in Paragraph 56 of Plaintiff's First Amended Complaint.

6

4972147

57.     Defendant denies each and every allegation contained in Paragraph 57 of Plaintiff's First Amended Complaint.

58.     Defendant denies each and every allegation contained in Paragraph 58 of Plaintiff's First Amended Complaint.

59.     Defendant denies each and every allegation contained in Paragraph 59 of Plaintiff's First Amended Complaint.

60.     Defendant denies each and every allegation contained in Paragraph 60 of Plaintiff's First Amended Complaint.

61.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's First Amended Complaint.

62.     Defendant denies each and every allegation contained in Paragraph 62 of Plaintiff's First Amended Complaint.

### *Discriminatory Key Policy*

63.     Defendant denies each and every allegation contained in Paragraph 63 of Plaintiff's First Amended Complaint.

64.     Defendant denies each and every allegation contained in Paragraph 64 of Plaintiff's First Amended Complaint.

65.     Defendant denies each and every allegation contained in Paragraph 65 of Plaintiff's First Amended Complaint.

66.     Defendant denies each and every allegation contained in Paragraph 66 of Plaintiff's First Amended Complaint.

67.     Defendant denies each and every allegation contained in Paragraph 67 of Plaintiff's First Amended Complaint.

68.     Defendant denies each and every allegation contained in Paragraph 68 of Plaintiff's First Amended Complaint.

4972147

69.     Defendant denies each and every allegation contained in Paragraph 69 of Plaintiff's First Amended Complaint.

70.     Defendant denies each and every allegation contained in Paragraph 70 of Plaintiff's First Amended Complaint.

71.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiff's First Amended Complaint.

72.     Defendant denies each and every allegation contained in Paragraph 72 of Plaintiff's First Amended Complaint.

73.     Defendant denies each and every allegation contained in Paragraph 73 of Plaintiff's First Amended Complaint.

74.     Defendant denies each and every allegation contained in Paragraph 74 of Plaintiff's First Amended Complaint.

75.     Defendant denies each and every allegation contained in Paragraph 75 of Plaintiff's First Amended Complaint.

76.     Defendant denies each and every allegation contained in Paragraph 76 of Plaintiff's First Amended Complaint.

### *Kim Pagan's Sexual Advance*

77.     Defendant denies each and every allegation contained in Paragraph 77 of Plaintiff's First Amended Complaint.

### *Absurd Termination Justification*

78.     Defendant denies each and every allegation contained in Paragraph 78 of Plaintiff's First Amended Complaint.

79.     Defendant denies each and every allegation contained in Paragraph 79 of Plaintiff's First Amended Complaint.

80.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of Plaintiff's First Amended Complaint.

4972147

81.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiff's First Amended Complaint.

82.     Defendant denies each and every allegation contained in Paragraph 82 of Plaintiff's First Amended Complaint.

83.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiff's First Amended Complaint.

84.     Defendant denies each and every allegation contained in Paragraph 84 of Plaintiff's First Amended Complaint.

85.     Defendant denies each and every allegation contained in Paragraph 85 of Plaintiff's First Amended Complaint.

### *Additional Evidence of Pretext*

86.     Defendant denies each and every allegation contained in Paragraph 86 of Plaintiff's First Amended Complaint.

87.     Defendant denies each and every allegation contained in Paragraph 87 of Plaintiff's First Amended Complaint.

88.     Defendant denies each and every allegation contained in Paragraph 88 of Plaintiff's First Amended Complaint.

89.     Defendant denies each and every allegation contained in Paragraph 89 of Plaintiff's First Amended Complaint.

90.     Defendant denies each and every allegation contained in Paragraph 90 of Plaintiff's First Amended Complaint.

91.     Defendant denies each and every allegation contained in Paragraph 91 of Plaintiff's First Amended Complaint.

### Plaintiff's Replacement

92.     Defendant denies each and every allegation contained in Paragraph 92 of Plaintiff's First Amended Complaint.

4972147

**AS FOR AN ANSWER TO PLAINTIFF'S FIRST CLAIM FOR RELIEF**
*(Violation of Title VII by St. Joseph's-Retaliation)*

93.    Defendant repeat and re-allege each and every response set forth in Paragraphs 1 through 92 above, as if fully set forth at length herein.

94.    Defendant denies each and every allegation contained in Paragraph 94 of Plaintiff's First Amended Complaint.

95.    Defendant denies each and every allegation contained in Paragraph 95 of Plaintiff's First Amended Complaint.

96.    Defendant denies each and every allegation contained in Paragraph 96 of Plaintiff's First Amended Complaint.

97.    Defendant denies each and every allegation contained in Paragraph 97 of Plaintiff's First Amended Complaint.

98.    Defendant denies each and every allegation contained in Paragraph 98 of Plaintiff's First Amended Complaint.

**AS FOR AN ANSWER TO PLAINTIFF'S SECOND CLAIM FOR RELIEF**
*(Violation of Title VII by St. Joseph's-Sex/Gender Discrimination)*

99.    Defendant repeat and re-allege each and every response set forth in Paragraphs 1 through 98 above, as if fully set forth at length herein.

100.    Defendant denies each and every allegation contained in Paragraph 100 of Plaintiff's First Amended Complaint.

101.    Defendant denies each and every allegation contained in Paragraph 101 of Plaintiff's First Amended Complaint.

102.    Defendant denies each and every allegation contained in Paragraph 102 of Plaintiff's First Amended Complaint.

103.    Defendant denies each and every allegation contained in Paragraph 103 of Plaintiff's First Amended Complaint.

4972147

104.    Defendant denies each and every allegation contained in Paragraph 104 of Plaintiff's First Amended Complaint.

105.    Defendant denies each and every allegation contained in Paragraph 105 of Plaintiff's First Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S THRID CLAIM FOR RELIEF**
*(Violation of Title VII by St. Joseph's-Quid Pro Quo Gender/Sexual Discrimination)*

106.    Defendant repeat and re-allege each and every response set forth in Paragraphs 1 through 105 above, as if fully set forth at length herein.

107.    Defendant denies each and every allegation contained in Paragraph 107 of Plaintiff's First Amended Complaint.

108.    Defendant denies each and every allegation contained in Paragraph 108 of Plaintiff's First Amended Complaint.

109.    Defendant denies each and every allegation contained in Paragraph 109 of Plaintiff's First Amended Complaint.

110.    Defendant denies each and every allegation contained in Paragraph 110 of Plaintiff's First Amended Complaint.

111.    Defendant denies each and every allegation contained in Paragraph 111 of Plaintiff's First Amended Complaint.

112.    Defendant admits that its employee manual contains anti-discrimination policies and that anti-discrimination notices are posted in the workplace, pursuant to the law.  Defendant denies the remaining allegations contained in Paragraph 112 of Plaintiff's First Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S FOURTH CLAIM FOR RELIEF**
*(Violation of Title VII by St. Joseph's-Sex/Gender Based Hostile Work Environment)*

113.    Defendant repeat and re-allege each and every response set forth in Paragraphs 1 through 112 above, as if fully set at length herein.

11

114.    Defendant denies each and every allegation contained in Paragraph 114 of Plaintiff's First Amended Complaint.

115.    Defendant denies each and every allegation contained in Paragraph 115 of Plaintiff's First Amended Complaint.

116.    Defendant denies each and every allegation contained in Paragraph 116 of Plaintiff's First Amended Complaint.

### AS AND FOR AN ANSWER TO PLAINTIFF'S FIFTH CLAIM FOR RELIEF
*(Violation of Section 1981 by St. Joseph's and Dean Civitello-Retaliation)*

117.    Defendant repeat and re-allege each and every response set forth in Paragraphs 1 through 116 above, as if fully set at length herein.

118.    Defendant denies each and every allegation contained in Paragraph 118 of Plaintiff's First Amended Complaint.

119.    Defendant denies each and every allegation contained in Paragraph 119 of Plaintiff's First Amended Complaint.

120.    Defendant denies each and every allegation contained in Paragraph 120 of Plaintiff's First Amended Complaint.

121.    Defendant denies each and every allegation contained in Paragraph 121 of Plaintiff's First Amended Complaint.

122.    Defendant denies each and every allegation contained in Paragraph 122 of Plaintiff's First Amended Complaint.

### AS AND FOR AN ANSWER TO PLAINTIFF'S SIXTH CLAIM FOR RELIEF
*(Violation of the ADA by St. Joseph's-Retaliation)*

123.    Defendant repeat and re-allege each and every response set forth in Paragraphs 1 through 122 above, as if fully set at length herein.

124.    Defendant denies each and every allegation contained in Paragraph 124 of Plaintiff's First Amended Complaint.

4972147

125.     Defendant denies each and every allegation contained in Paragraph 125 of Plaintiff's First Amended Complaint.

126.     Defendant denies each and every allegation contained in Paragraph 126 of Plaintiff's First Amended Complaint.

127.     Defendant denies each and every allegation contained in Paragraph 127 of Plaintiff's First Amended Complaint.

128.     Defendant denies each and every allegation contained in Paragraph 128 of Plaintiff's First Amended Complaint.

129.     Defendant denies each and every allegation contained in Paragraph 129 of Plaintiff's First Amended Complaint.

## AS AND FOR AN ANSWER TO PLAINTIFF'S SEVENTH CLAIM FOR RELIEF
*(Violation of the ADA by St. Joseph's-Discrimination based on Plaintiff's Perceived Disabilities)*

130.     Defendant repeat and re-allege each and every response set forth in Paragraphs 1 through 129 above, as if fully set at length herein.

131.     Defendant denies each and every allegation contained in Paragraph 131 of Plaintiff's First Amended Complaint.

132.     Defendant denies each and every allegation contained in Paragraph 132 of Plaintiff's First Amended Complaint.

133.     Defendant denies each and every allegation contained in Paragraph 133 of Plaintiff's First Amended Complaint.

134.     Defendant denies each and every allegation contained in Paragraph 134 of Plaintiff's First Amended Complaint.

135.     Defendant denies each and every allegation contained in Paragraph 135 of Plaintiff's First Amended Complaint.

## AS AND FOR AN ANSWER TO PLAINTIFF'S EIGHTH CLAIM FOR RELIEF
*(Violation of the ADA by St. Joseph's-Hostile Work Environment based on Plaintiff's Perceived Disabilities)*

4972147

136.     Defendant repeat and re-allege each and every response set forth in Paragraphs 1 through 135 above, as if fully set at length herein.

137.     Defendant denies each and every allegation contained in Paragraph 137 of Plaintiff's First Amended Complaint.

138.     Defendant denies each and every allegation contained in Paragraph 138 of Plaintiff's First Amended Complaint.

139.     Defendant denies each and every allegation contained in Paragraph 139 of Plaintiff's First Amended Complaint.

### AS AND FOR AN ANSWER TO PLAINTIFF'S NINTH CLAIM FOR RELIEF
*(Violation of the FMLA by all Defendant-Retaliation)*

140.     Defendant repeat and re-allege each and every response set forth in Paragraphs 1 through 139 above, as if fully set at length herein.

141.     Defendant denies each and every allegation contained in Paragraph 141 of Plaintiff's First Amended Complaint.

142.     Defendant denies each and every allegation contained in Paragraph 142 of Plaintiff's First Amended Complaint.

143.     Defendant denies each and every allegation contained in Paragraph 143 of Plaintiff's First Amended Complaint.

144.     Defendant denies each and every allegation contained in Paragraph 144 of Plaintiff's First Amended Complaint.

### AS AND FOR AN ANSWER TO PLAINTIFF'S TENTH CLAIM FOR RELIEF
*(Violation of the NYSHRL by St. Joseph's and Dean Civitello-Retaliation)*

145.     Defendant repeat and re-allege each and every response set forth in Paragraphs 1 through 144 above, as if fully set at length herein.

146.     Defendant denies each and every allegation contained in Paragraph 146 of Plaintiff's First Amended Complaint.

4972147

147.     Defendant denies each and every allegation contained in Paragraph 147 of Plaintiff's First Amended Complaint.

148.     Defendant denies each and every allegation contained in Paragraph 148 of Plaintiff's First Amended Complaint.

149.     Defendant denies each and every allegation contained in Paragraph 149 of Plaintiff's First Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S ELEVENTH CLAIM FOR RELIEF**
*(Violation of the NYSHRL by all Defendant-Sex/Gender Discrimination)*

150.     Defendant repeat and re-allege each and every response set forth in Paragraphs 1 through 149 above, as if fully set at length herein

151.     Defendant denies each and every allegation contained in Paragraph 151 of Plaintiff's First Amended Complaint.

152.     Defendant denies each and every allegation contained in Paragraph 152 of Plaintiff's First Amended Complaint.

153.     Defendant denies each and every allegation contained in Paragraph 153 of Plaintiff's First Amended Complaint.

154.     Defendant denies each and every allegation contained in Paragraph 154 of Plaintiff's First Amended Complaint.

155.     Defendant denies each and every allegation contained in Paragraph 155 of Plaintiff's First Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S TWELFTH CLAIM FOR RELIEF**
*(Violation of the NYSHRL by St. Joseph's and Kim Pagan-Sexual Orientation Discrimination)*

156.     Defendant repeat and re-allege each and every response set forth in Paragraphs 1 through 155 above, as if fully set at length herein.

157.     Defendant denies each and every allegation contained in Paragraph 157 of Plaintiff's First Amended Complaint.

4972147

158.    Defendant denies each and every allegation contained in Paragraph 158 of Plaintiff's First Amended Complaint.

159.    Defendant denies each and every allegation contained in Paragraph 159 of Plaintiff's First Amended Complaint.

160.    Defendant denies each and every allegation contained in Paragraph 160 of Plaintiff's First Amended Complaint.

161.    Defendant denies each and every allegation contained in Paragraph 161 of Plaintiff's First Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S THIRTEENTH CLAIM FOR RELIEF**
*(Violation of the NYSHRL by St. Joseph's and Kim Pagan-Quid Pro Quo/Sex/Gender/Sexual Orientation Discrimination)*

162.    Defendant repeat and re-allege each and every response set forth in Paragraphs 1 through 161 above, as if fully set at length herein.

163.    Defendant denies each and every allegation contained in Paragraph 163 of Plaintiff's First Amended Complaint.

164.    Defendant denies each and every allegation contained in Paragraph 164 of Plaintiff's First Amended Complaint.

165.    Defendant denies each and every allegation contained in Paragraph 165 of Plaintiff's First Amended Complaint.

166.    Defendant denies each and every allegation contained in Paragraph 166 of Plaintiff's First Amended Complaint.

167.    Defendant denies each and every allegation contained in Paragraph 167 of Plaintiff's First Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S FOURTEENTH CLAIM FOR RELIEF**
*(Violation of the NYSHRL by St. Joseph's and Kim Pagan-Hostile Work Environment based on Sex/Gender/Sexual Orientation Discrimination)*

168.    Defendant repeat and re-allege each and every response set forth in Paragraphs 1 through 167 above, as if fully set at length herein.

4972147

169.     Defendant denies each and every allegation contained in Paragraph 169 of Plaintiff's First Amended Complaint.

170.     Defendant denies each and every allegation contained in Paragraph 170 of Plaintiff's First Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S FIFTEENTH CLAIM FOR RELIEF**
*(Violation of the NYSHRL by all Defendant-Disability Discrimination)*

171.     Defendant repeat and re-allege each and every response set forth in Paragraphs 1 through 170 above, as if fully set at length herein.

172.     Defendant denies each and every allegation contained in Paragraph 172 of Plaintiff's First Amended Complaint.

173.     Defendant denies each and every allegation contained in Paragraph 173 of Plaintiff's First Amended Complaint.

174.     Defendant denies each and every allegation contained in Paragraph 174 of Plaintiff's First Amended Complaint.

175.     Defendant denies each and every allegation contained in Paragraph 175 of Plaintiff's First Amended Complaint.

176.     Defendant denies each and every allegation contained in Paragraph 176 of Plaintiff's First Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S SIXTEENTH CLAIM FOR RELIEF**
*(Violation of the NYSHRL by St. Joseph's and Kim Pagan-Hostile Work Environment based on Plaintiff's Disabilities and/or Plaintiff's Perceived Disabilities)*

177.     Defendant repeat and re-allege each and every response set forth in Paragraphs 1 through 176 above, as if fully set at length herein.

178.     Defendant denies each and every allegation contained in Paragraph 178 of Plaintiff's First Amended Complaint.

179.     Defendant denies each and every allegation contained in Paragraph 179 of Plaintiff's First Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S SEVENTEENTH CLAIM FOR RELIEF**

4972147

*(Violation of the NYSHRL by St. Joseph's and Kim Pagan-Failure to Accommodate)*

180.    Defendant repeat and re-allege each and every response set forth in Paragraphs 1 through 179 above, as if fully set at length herein.

181.    Defendant denies each and every allegation contained in Paragraph 181 of Plaintiff's First Amended Complaint.

182.    Defendant denies each and every allegation contained in Paragraph 182 of Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

183.    Plaintiff has failed to state any claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

184.    Plaintiff's First Amended Complaint fails to establish a prima facie case of sexual harassment.

### THIRD AFFIRMATIVE DEFENSE

185.    Plaintiff's First Amended Complaint fails to establish a prima facie case of sex, gender, race, national origin, sexual orientation, or disability discrimination in violation of Title VII, the ADA or NYSHRL.

### FOURTH AFFIRMATIVE DEFENSE

186.    Plaintiff did not request any accommodations for her alleged disability or disabilities.

### FIFTH AFFIRMATIVE DEFENSE

187.    Any accommodations allegedly requested by Plaintiff were provided, were unreasonable, and/or could not be provided without undue hardship.

### SIXTH AFFIRMATIVE DEFENSE

188.    Defendant reasonably accommodated Plaintiff.

4972147

## SEVENTH AFFIRMATIVE DEFENSE

189.   Defendant engaged in the interactive process in good faith.

## EIGHTH AFFIRMATIVE DEFENSE

190.   Plaintiff failed to engage in the interactive process with Defendant.

## NINETH AFFIRMATIVE DEFENSE

191.   Plaintiff never provided the required Family and Medical Leave Act certification from a health care provider; did not suffer from a serious health condition and failed to give proper notice under the FMLA.

## TENTH AFFIRMATIVE DEFENSE

192.   Plaintiff cannot establish a prima facie case of retaliation because Plaintiff did not engage in protected activity, did not suffer an adverse action, and/or there is no causal connection between any alleged protected activity and any alleged adverse action.

## ELEVENTH AFFIRMATIVE DEFENSE

193.   Plaintiff's sex, gender, race, national origin, sexual orientation, or disability were not motivating factors in any employment decisions made by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

194.   Plaintiff cannot show that any alleged acts occurred under circumstances giving rise to an inference of discrimination.

## THIRTEENTH AFFIRMATIVE DEFENSE

195.   Defendant did not encourage, condone, or ratify any alleged discriminatory or retaliatory treatment.

## FOURTEENTH AFFIRMATIVE DEFENSE

196.   Any and all decisions, actions, and conduct taken by Defendant with respect to Plaintiff's employment were undertaken for legitimate, non-discriminatory business reasons.

## FIFTEENTH AFFIRMATIVE DEFENSE

4972147

197.     Plaintiff cannot show that Defendant's legitimate, non-discriminatory business reason for its employment decisions regarding Plaintiff is pretext for discrimination or retaliation.

## SIXTEENTH AFFIRMATIVE DEFENSE

198.     Plaintiff's employment with Defendant was at-will, and all actions taken by Defendant within the context of this at-will employer/employee relationship were at all times based on legitimate business-related reasons, and were undertaken in good faith and without malice or ill will toward Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

199.     The same employment decisions would have been made by Defendant regardless of the Plaintiff's allegations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

200.     Defendant acted in good faith and did not violate any rights that Plaintiff may be entitled to under federal, state, or local laws, and rules, regulations, or guidelines.

## NINETEENTH AFFIRMATIVE DEFENSE

201.     Defendant has, at all times, complied with its obligations under all applicable federal and state anti-discrimination laws and treated its employees consistently.

## TWENTIETH AFFIRMATIVE DEFENSE

202.     The First Amended Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory conduct, and because Plaintiff unreasonably failed to properly take advantage of any preventative or corrective opportunities provided by Defendant to avoid harm otherwise.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

203.     Defendant took prompt remedial action to correct any alleged discrimination or retaliation.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

4972147

204.    Plaintiff's claims are barred and/or diminished by estoppel, laches, and/or unclean hands.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

205.    Plaintiff has not suffered any legally cognizable damage.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

206.    Any alleged damages were a result of Plaintiff's own conduct.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

207.    To the extent that Plaintiff is entitled to any damages, such damages are limited by statute.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

208.    Insofar as Plaintiff purports to allege a claim or claims for physical or mental and emotional distress, including claims for recovery of any medical expenses incurred, these claims are barred by the exclusive remedy provisions of the applicable workers' compensation laws.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

209.    Plaintiff's claims are barred to the extent that she failed to mitigate any alleged damages that she may have suffered.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

210.    Plaintiff has failed to state a claim for the recovery of punitive damages upon which relief may be granted.

### TWENTY-NINETH AFFIRMATIVE DEFENSE

211.    Plaintiff is not entitled to punitive damages for the acts alleged because Defendant acted, at all relevant times, in good faith and consistent with its policies and practices against unlawful discrimination and retaliation.

### THIRTIETH AFFIRMATIVE DEFENSE

212.    Plaintiff's claims for punitive damages is unwarranted and unconstitutional and in violation of due process based on the allegations in Plaintiff's First Amended Complaint, as the

4972147

acts or omissions allegedly made by Defendant do not rise to the level of conduct for which exemplary damages are justified.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

213.   Plaintiff's claims for punitive and compensatory damages are barred because such alleged damages re not recoverable under the FMLA.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

214.   Defendant did not act maliciously or in reckless disregard of Plaintiff's rights.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

215.   Plaintiff's claims are frivolous and groundless and known to Plaintiff to be frivolous and groundless without foundation in fact or law.   Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendant.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

216.   Defendant denies all other allegations in the Complaint that are not specifically admitted or otherwise responded to in this Answer.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

217.   Defendant reserves its right to supplement its affirmative defenses based upon evidence provided by the Complainant.

WHEREFORE, Defendant requests that Plaintiff's First Amended Complaint be dismissed with prejudice and that the Court award Defendants' attorneys' fees and costs, together with such other and further relief as this Court shall deem just and reasonable.

Dated: June 22, 2018
      New York, New York

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

Joan M. Gilbride
*Attorneys for Defendants*
120 Broadway, 14th Floor

22

4972147

New York, New York 10271
Telephone: (212) 980-9600
Fax: (212) 980-9291
Email: jgilbride@kbrlaw.com

TO:     Jon A. Stockman, Esq.
        THE LAW OFFICE OF JON A. STOCKMAN
        32 Broadway, Suite 1710
        New York, New York 10004
        Telephone: (516)547-6418

4972147